# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.C.D., INC. t/a J.L. TERREL'S, <br><br> and <br><br> TERREL'S PRO FINISHES, INC. <br><br> Plaintiffs <br><br> v. <br><br> SHERWIN-WILLIAMS AUTOMOTIVE FINISHES CORP., <br><br> Defendant. | Civil Action No. 02-CV-2645 <br><br> Judge Surrick |

## ANSWER

Defendant Sherwin-Williams Automotive Finishes Corp. ("Sherwin-Williams"), for its Answer to plaintiffs' Complaint, states as follows:

## FIRST DEFENSE

1. Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1-3 and therefore denies same.

2. Admits that Sherwin-Williams is a corporation organized and existing under the laws of Delaware and that it maintains its principal place of business in Cleveland, Ohio and denies the remaining allegations contained in paragraph 4.

3. Admits that, on or about June 1, 2000, plaintiff J.C.D., Inc. signed a Sherwin-Williams Automotive Finishes Corp. Direct Jobber Agreement, a partially legible copy of which may be attached to plaintiffs' complaint as Exhibit A, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and therefore denies same.

1

4. Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6-10 and therefore denies same.

5. Admits that an individual named Troy Fiesland, who was formerly employed by Sherwin-Williams as a sales representative, was involved at one time in facilitating the sale of Sherwin-Williams automotive finishes products to plaintiffs or one of them and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 11 and 12 and therefore denies same.

6. Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 13-18 and therefore denies same.

7. Admits that plaintiffs have failed to pay Sherwin-Williams sums for automotive finishes products purchased from Sherwin-Williams and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 and therefore denies same.

8. Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 20 and 21 and therefore denies same.

9. Admits that plaintiffs have failed to pay Sherwin-Williams sums for automotive finishes products purchased from Sherwin-Williams and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 and therefore denies same.

10. Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23 and 24 and therefore denies same.

11. Admits that plaintiffs have failed to pay Sherwin-Williams sums for automotive finishes products purchased from Sherwin-Williams and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 and therefore denies same.

12. Admits that for some period of time Sherwin-Williams offered to sell automotive finishing products and materials to plaintiffs or one of them on a cash-on-delivery basis and denies the remaining allegations contained in paragraph 26.

13. Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 27-33 and therefore denies same.

14. Admits that plaintiffs were notified in writing of Sherwin-Williams' intention to exercise its contractual right to terminate the Jobber Agreement and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 34 and 35 and therefore denies same.

15. Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 36 and 37 and therefore denies same.

16. Denies the allegations contained in paragraphs 38-43.

17. For its response to paragraph 44, Sherwin-Williams incorporates by reference paragraphs 1-16 of this Answer as if fully set forth here.

18. Denies the allegations contained in paragraphs 45-50.

19. For its response to paragraph 51, Sherwin-Williams incorporates by reference paragraphs 1-18 of this Answer as if fully set forth here.

20. Admits that Sherwin-Williams owed only those duties to plaintiffs that were imposed by law, if any, which duties, to the extent that they existed, were never breached, and denies the remaining allegations contained in paragraphs 52 and 53.

21. Denies the allegations contained in paragraphs 54-59.

22. For its response to paragraph 60, Sherwin-Williams incorporates by reference paragraphs 1-21 of this Answer as if fully set forth here.

23. Denies the allegations contained in paragraphs 61-66.

24. Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 67 and 68 and therefore denies same.

25. Denies the allegations contained in paragraphs 69-71.

26. For its response to paragraph 72, Sherwin-Williams incorporates by reference paragraphs 1-25 of this Answer as if fully set forth here.

27. Sherwin-Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 73 and 74 and therefore denies same.

28. Denies the allegations contained in paragraphs 75-78.

29. For its response to paragraph 79, Sherwin-Williams incorporates by reference paragraphs 1-28 of this Answer as if fully set forth here.

30. Denies the allegations contained in paragraphs 80-86.

31. For its response to paragraph 87, Sherwin-Williams incorporates by reference paragraphs 1-30 of this Answer as if fully set forth here.

32. Denies the allegations contained in paragraphs 88-92 and all subparagraphs thereof.

33. For its response to paragraph 93, Sherwin-Williams incorporates by reference paragraphs 1-32 of this Answer as if fully set forth here.

34.     Denies the allegations contained in paragraphs 94-101.

35.     For its response to paragraph 102, Sherwin-Williams incorporates by reference paragraphs 1-34 of this Answer as if fully set forth here.

36.     Denies the allegations contained in paragraphs 103-105.

37.     For its response to paragraph 106, Sherwin-Williams incorporates by reference paragraphs 1-36 of this Answer as if fully set forth here.

38.     Denies the allegations contained in paragraph of 107.

39.     Denies each and every other allegation contained in the Complaint, including any contained in the Complaint's various prayers for relief, which allegation is not expressly admitted in this Answer.

## SECOND DEFENSE

40.     Plaintiffs' Complaint, in whole or in part, fails to state a claim against Sherwin-Williams upon which relief can be granted.

## THIRD DEFENSE

41.     Plaintiffs' claims are barred by the non-occurrence or failure of conditions precedent.

## FOURTH DEFENSE

42.     Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

## FIFTH DEFENSE

43.     Plaintiffs' claims are barred, in whole or in part, by plaintiffs' prior material breach(es) of contract, non-performance, and/or defaults.

## SIXTH DEFENSE

44.     Plaintiffs' claims are barred, in whole or in part, by the parol evidence rule.

## SEVENTH DEFENSE

45.     Plaintiffs' claims are subject to contractual and equitable set-offs.

**EIGHTH DEFENSE**

46. Plaintiffs' claims are barred, in whole or in part, by the failure of consideration.

**NINTH DEFENSE**

47. Plaintiffs' claims are barred, in whole or in part, because Sherwin-Williams' conduct was proper, lawful, privileged, justified, or otherwise protected.

**TENTH DEFENSE**

48. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, and consent.

**ELEVENTH DEFENSE**

49. Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

**TWELFTH DEFENSE**

50. Plaintiffs' claims are barred, in whole or in part, by plaintiffs' repudiation of their contractual obligations.

**THIRTEENTH DEFENSE**

51. Plaintiffs' claims are barred, in whole or in part, for lack of assent.

**FOURTEENTH DEFENSE**

52. Plaintiffs' claims are barred, in whole or in part, due to their assent to a discharge of obligations.

**FIFTEENTH DEFENSE**

53. The imposition of punitive damages against Sherwin-Williams would violate its privileges and immunities, due process and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution, the excessive fines clause in the Eighth Amendment, the Commerce Clause of the United States Constitution, similar provisions in the Constitution of the Commonwealth of Pennsylvania, and applicable statutes and public policies.

WHEREFORE, defendant Sherwin-Williams prays that plaintiffs' complaint be dismissed with prejudice, that costs of this proceeding be taxed against plaintiffs, and that Sherwin-Williams be granted such other relief as the Court deems just and proper.

    Respectfully submitted,

    _____
    John J. O'Donnell (No. 46462)
    Joshua A. Gelman (No. 85438)
    LAVIN, COLEMAN, O'NEIL, RICCI,
    FINARELLI & GRAY
    10th Fl., 510 Walnut Street
    Philadelphia, PA  19106
    (215) 627-0303

    *Attorneys for Defendant,*
    *Sherwin-Williams Automotive Finishes Corp.*

Of Counsel:

James M. Jones (No. 81295)
Curt Vazquez (No. 54897)
JONES, DAY, REAVIS & POGUE
One Mellon Bank Center
500 Grant Street, 31st Floor
Pittsburgh, PA  15219
(412) 391-3939

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Counterclaim was served this 18th day of June, 2002, via First Class U.S. Mail, upon counsel of record for plaintiffs, as follows:

>John G. Bravacos, Esq.
>PALMA SEGAL & SBARBARO, LLC
>The Historic Samuel Barber House
>107 South Church Street
>West Chester, PA  19382-3252

_____
Joshua A. Gelman, Esquire
Attorneys for Defendant
Sherwin-Williams Automotive Finishes Corp.