# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.C.D., INC. t/a J.L. TERREL'S, ) | |
| ) | |
| and ) | |
| ) | |
| TERREL'S PRO FINISHES, INC. ) | Civil Action No. 02-CV-2645 |
| ) | |
| Plaintiffs ) | Judge Surrick |
| ) | |
| v. ) | |
| ) | |
| SHERWIN-WILLIAMS AUTOMOTIVE ) | |
| FINISHES CORP., ) | |
| ) | |
| Defendant. ) | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Defendant, Sherwin-Williams Automotive Finishes Corp., to Exempt Case from Compulsory Arbitration and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and this matter is exempted from compulsory arbitration. The Arbitration hearing date of October 10, 2002 is vacated.

BY THE COURT

_____
R. BARCLAY SURRICK, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.C.D., INC. t/a J.L. TERREL'S, | ) |
| and | ) |
| TERREL'S PRO FINISHES, INC. | ) Civil Action No. 02 -CV-2645 |
| Plaintiffs | ) Judge Surrick |
| v. | ) |
| SHERWIN-WILLIAMS AUTOMOTIVE FINISHES CORP., | ) |
| Defendant. | ) |

**MOTION OF DEFENDANT, SHERWIN-WILLIAMS AUTOMOTIVE FINISHES CORP.,
TO EXEMPT CASE FROM COMPULSORY ARBITRATION**

Defendant Sherwin-Williams Automotive Finishes Corp. ("Sherwin-Williams"), through its undersigned counsel, respectfully moves this Court to Order this matter exempted from Compulsory Arbitration pursuant to Local Rule of Civil Procedure 53.2(3)(A) and (C)(3), and in support thereof, avers as follows:

1. This matter has been scheduled for compulsory arbitration to be held on October 10, 2002. *See Notice of Arbitration Hearing, a true and correct copy of which is Attached As Exhibit A.*

2. Plaintiffs' Complaint seeks relief other than monetary damages (i.e., injunctive relief). *See Plaintiffs' Complaint at ¶¶'s 42-43, 49-50 and the Prayers for Relief that follow ¶¶'s 50, 59, 71, 78, 86, 92, 101, 105 and 107, a true and correct copy of which Complaint is attached as Exhibit B.*

3. Plaintiffs' Complaint seeks monetary damages in excess of $150,000, exclusive of interest and costs. *Exhibit B at the Prayer for Relief that follows ¶107* (seeking judgment "in an amount equal to three times its damages, presently believed by Plaintiffs to be in excess of $50,000.").

4. Pursuant to Local Rule of Civil Procedure 53.2(3)(C)(2), the undersigned filed an Arbitration Certification indicating that this matter did not fall within the categories of matters designated for compulsory arbitration. *See Arbitration Certification, a true and correct copy of which is attached as Exhibit C.*

5. The nine-count Complaint also purports to allege claims that may well involve complex legal issues, the resolution of which are not well-suited to an arbitration proceeding.

6. This matter should be excluded from compulsory arbitration pursuant to Local Rule of Civil Procedure 53.2(3)(A) and (C)(3) because: (i) the Complaint seeks relief other than monetary damages (i.e., injunctive relief) and monetary damages in excess of $150,000, exclusive of interest and costs; and, (ii) the multiple claims pled may well involve complex legal issues not suitable for resolution by arbitration.

          Respectfully submitted

          LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

DATE: August 23, 2002    BY: _____
          JOHN J. O'DONNELL, ESQUIRE
          JOSHUA A. GELMAN, ESQUIRE
          *Attorneys for Defendant,*
OF COUNSEL:        *Sherwin-Williams Automotive Finishes Corp.*
James M. Jones (No. 81295)
Curt Vazquez (No. 54897)
JONES, DAY, REAVIS & POGUE
One Mellon Bank Center
500 Grant Street, 31st Floor
Pittsburgh, PA 15219

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| J.C.D., INC. t/a J.L. TERREL'S, )<br>)<br>  and )<br>)<br>TERREL'S PRO FINISHES, INC. )<br>)<br>     Plaintiffs )<br>)<br>  v. )<br>)<br>SHERWIN-WILLIAMS AUTOMOTIVE )<br>FINISHES CORP., )<br>)<br>     Defendant. ) | Civil Action No. 02 -CV-2645<br><br>Judge Surrick |

**BRIEF IN SUPPORT OF MOTION OF DEFENDANT,
SHERWIN-WILLIAMS AUTOMOTIVE FINISHES CORP.,
TO EXEMPT CASE FROM COMPULSORY ARBITRATION**

This matter appears to have been inadvertently assigned to compulsory arbitration. This action does not meet the eligibility requirements for compulsory arbitration pursuant to Local Rule of Civil Procedure 53.2(3)(A). The relief requested includes relief other than monetary damages, and the amount requested in damages exceeds $150,000, exclusive of interest and costs.

Plaintiffs seek an order of specific performance of a contract. They seek orders prohibiting contractual violations. They seek an injunction against alleged interference with contractual relations and the use of "Trade Secrets." They also seek orders prohibiting defendant from having certain contacts with plaintiffs' customers and from violating certain statutes.

Plaintiffs' final Count also seeks damages in excess of $150,000, exclusive of interest and costs.

This case is not eligible for arbitration and should be removed from the arbitration docket.

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY • ATTORNEYS AT LAW

- 2 -

Pursuant to Local Rule of Civil Procedure 53.2(3)(C)(3):

> The judge to whom the case has been assigned may *sua sponte* or upon motion filed by a party prior to the appointment of arbitrators to hear the case pursuant to Section 4(C) of this Rule, order the case to be exempt from arbitration upon a finding that the objectives of an arbitration trial (i.e., providing litigants with a speedier and less expensive alternative to the traditional courtroom trial) would not be realized because (a) the case involves complex legal issues, (b) because legal issues predominate over factual issues, or (c) for other good cause shown.

Plaintiffs' Complaint purports to plead Counts for Specific Performance ; Breach of the Duty of Good Faith; Fraud; Intentional Interference with Contractual Relations; Misappropriation of Trade Secrets; Breach of Fiduciary Duty; Detrimental Reliance; Commercial Disparagement; and Anti-Competitive Trade Practices. The complexity of the legal issues that may be involved in resolving these claims renders arbitration an inappropriate forum for trial, as well.

For the foregoing reasons, and for good cause shown, defendant respectfully requests that this Honorable Court grant its motion to exempt this matter from compulsory arbitration.

Respectfully submitted

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

DATE: August 23, 2002              BY: _____
                                        JOHN J. O'DONNELL, ESQUIRE
                                        JOSHUA A. GELMAN, ESQUIRE
                                        *Attorneys for Defendant,*
                                        *Sherwin-Williams Automotive Finishes Corp.*

OF COUNSEL:
James M. Jones (No. 81295)
Curt Vazquez (No. 54897)
JONES, DAY, REAVIS & POGUE
One Mellon Bank Center
500 Grant Street, 31st Floor

Pittsburgh, PA 15219

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.C.D., INC. t/a J.L. TERREL'S, | )<br>) |
| and | )<br>) |
| TERREL'S PRO FINISHES, INC. | ) Civil Action No. 02 -CV-2645<br>) |
| Plaintiffs | ) Judge Surrick<br>) |
| v. | )<br>) |
| SHERWIN-WILLIAMS AUTOMOTIVE<br>FINISHES CORP., | )<br>)<br>) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Exempt Matter from Compulsory Arbitration was served this 23rd day of August, 2002, via First Class U.S. Mail, upon counsel of record for plaintiffs, as follows:

John G. Bravacos, Esquire
PALMA, SEGAL & SBARBARO, LLC
The Historic Samuel Barber House
107 South Church Street
West Chester, PA 19382-3252

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

By: _____
JOHN J. O'DONNELL, ESQUIRE
JOSHUA A. GELMAN, ESQUIRE

- 2 -

*Attorneys for Defendant,
Sherwin-Williams Automotive Finishes Corp.*