IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.C.D., INC. t/a J.L. TERREL'S<br><br>and<br><br>TERREL'S PRO FINISHES, INC.,<br><br>    Plaintiffs<br><br>v.<br><br>SHERWIN-WILLIAMS AUTOMOTIVE<br>FINISHES CORP.,<br><br>    Defendant. | Civil Action No. 02-CV-2645<br><br>Judge Surrick |

**JOINT CASE REPORT**

Pursuant to this Court's Order of September 19, 2002, plaintiffs, J.C.D., Inc. and Terrel's Pro Finishes, Inc., and defendant, Sherwin-Williams Automotive Finishes Corp., submit this Joint Case Report.

**A.  A Brief Statement Of The Facts Of The Case And The Basis For The Court's Jurisdiction Over The Parties And The Action**

Plaintiffs sell auto-body paint and related products to automobile dealers and body shops. In July of 2000, plaintiffs entered into a Direct Jobber Agreement with defendant Sherwin-Williams. The Jobber Agreement authorized plaintiffs to purchase and distribute Sherwin-Williams auto-body paint. On April 3, 2002, Sherwin-Williams gave written notice of termination of the Jobber Agreement 30 days thereafter. On April 30, 2002, plaintiffs filed this lawsuit, seeking to forestall that termination and to recover compensatory and punitive damages in connection therewith.

   1.   Plaintiffs' Summary Of Their Factual Allegations:

Plaintiffs allege that they complied with the terms of the Jobber Agreement and also entered into related agreements

with customers and Sherwin-Williams to promote the sale of Sherwin-Williams products.  Plaintiffs further allege that Sherwin-Williams has breached these agreements by failing to stock necessary materials, failing to issue credits to Plaintiffs in accordance with these agreements and by the termination of the Jobber Agreement.  Plaintiffs also allege that Sherwin-Williams' conduct during the time period was otherwise tortious and that the termination of the Jobber Agreement and contacts with and product sales to plaintiffs' customers by Sherwin-Williams at the time of the termination and thereafter give rise to liability in contract and tort and violate federal antitrust laws.

2. Sherwin-Williams' Factual Response:  Sherwin-Williams denies liability and responds that the Jobber Agreement authorized termination by either party at any time without cause on 30-days written notice.  Sherwin-Williams further responds that the Jobber Agreement provided that Pro Finishes' appointment was "non-exclusive" and confirmed Sherwin-Williams' right to sell directly to any customer anywhere, including plaintiffs' customers.

3. Basis For Jurisdiction:  This Court's jurisdiction over the federal statutory claims is grounded on 28 U.S.C. § 1331.

PII-1075515v1

The Court's supplemental jurisdiction over the remaining claims is grounded on 28 U.S.C. § 1367.

**D.    A Brief Statement Of All Causes Of Action, The Essential Elements Of Each Cause Of Action, And The Relief Sought**

Plaintiffs have listed below the claims for relief alleged in the complaint, along with a summary of the essential elements of each claim:

1.  <u>Specific Performance of the Jobber Agreement</u>:  (a) there was a breach of an Agreement; (b) that has caused irreparable harm; (c) enforcement of the Agreement is reasonably necessary for the protection of the wronged party; and (d) there is no adequate remedy at law.

2.  <u>Breach of Duty of Good Faith</u>:  (a) that the defendant failed to act with honesty in fact in the conduct of transaction at issue; (b) that the plaintiff suffered injury; and (c) that the defendant's failure to act solely for the plaintiff's benefit was a real factor in bringing about plaintiff's injuries.

3.  <u>Fraud</u>:  (a) that the defendant made a misrepresentation to the plaintiff, (b) that the misrepresentation made by the defendant to the plaintiff was fraudulent, (c) that the misrepresentation was of a material fact, (d) that the defendant intended that the plaintiff rely on the defendant's misrepresentation, (e) that the plaintiff relied on the defendant's misrepresentation, and (f) that the plaintiff's reliance on the defendant's misrepresentation was a substantial factor in bringing about the harm suffered by the plaintiff.

4.  <u>Intentional Interference with Contractual Relations</u>:  (a) that the defendant intentionally induces or otherwise intentionally causes a third person; (b) not to perform a contract, prevents the performance of a contract, or induces the third person not to enter into or continue a contractual relation with another

5.  <u>Misappropriation of Trade Secrets</u>:  (a) that there was a trade secret; (b) that it was of value to plaintiff and important in the conduct of his business; (c) that by reason of discovery of ownership the plaintiff had the right to the use and enjoyment of the secret; and (d) that the secret was communicated to the defendant while he was in a position of trust and confidence under such circumstances as to make it inequitable and unjust for him to disclose it to others, or to make use of it himself, to the prejudice of plaintiff.

6.  <u>Breach of Fiduciary Duty</u>:  (a) that the defendant negligently or intentionally failed to act in good faith and for the benefit of the plaintiff in all matters for which it was employed; (b) that the plaintiff suffered injury; and (c) that the defendant's failure to act solely for the plaintiff's benefit was a real factor in bringing about plaintiff's injuries.

- 4 -

7. <u>Detrimental Reliance</u>:  (a) misleading words, conduct or silence by the party against whom estoppel is asserted; (b) unambiguous proof of reasonable reliance on the misrepresentation by the party seeking to assert the estoppel; and (c) no duty on the party seeking to assert estoppel.

8. <u>Commercial Disparagement</u>:  (a) that the defendant publishes an untrue statement of fact or opinion; (b) which the defendant should recognize as likely to result in harm to the financial interest of another because of the action of third persons in reliance upon the statement.

9. <u>Anti-Competitive Trade Practices</u>:  (a) that plaintiff was injured in his business or property; (b) that such injury was caused by violation of the antitrust laws by the defendant.

PII-1075515v1

**J.     A Brief Statement Of The Defenses Asserted And The Essential Elements Of Each Affirmative Defense**

Sherwin-Williams has listed below the affirmative defenses set forth in its answer, along with a summary of the essential elements of each defense:

1. <u>Failure to State a Claim upon which Relief can be Granted</u>:  Even if the Court accepts the pled facts as true, the plaintiffs have failed to state a viable claim for relief.

2. <u>The Non-Occurrence or Failure of Conditions Precedent</u>:  Plaintiffs cannot establish the occurrence of all conditions precedent to any non-performed obligation of Sherwin-Williams.

3. <u>Failure to Mitigate Damages</u>:  Plaintiffs have failed to minimize the alleged losses caused by the termination of the Jobber Agreement or by any other conduct on the part of Sherwin-Williams.

4. <u>Prior Material Breach(es) of Contract, Non-Performance, and/or Defaults</u>:  Plaintiffs have failed to pay Sherwin-Williams for products supplied by Sherwin-Williams and/or to otherwise comply with the terms of their contractual obligations.  This refusal to pay and/or other events of non-performance constitute material breaches and defaults that justify any alleged non-performance by Sherwin-Williams.

5. <u>The Parol Evidence Rule</u>:  Plaintiffs cannot rely on prior or contemporaneous oral agreements that contradict the terms of the written Jobber Agreement.

6. <u>Contractual and Equitable Set-Offs</u>:  Sherwin-Williams may be entitled to contractual or equitable set-offs for amounts that plaintiffs owe Sherwin-Williams for products that they have received and for any other amounts plaintiffs may owe Sherwin-Williams.

7. <u>Failure of Consideration</u>:  Plaintiffs have not pled, and cannot establish, the requisite consideration for any alleged agreements with plaintiffs' customers to which Sherwin-Williams is claimed to be a party or for any other alleged contractual terms not contained within the written Jobber Agreement.

8. <u>Proper, Lawful, Privileged, Justified, or Otherwise Protected Conduct</u>:  Sherwin-Williams' allegedly tortious conduct was proper, lawful and justified in that, among other things, the Jobber Agreement authorized Sherwin-Williams to terminate the agreement without cause and to sell products directly to plaintiffs' customers.

9. <u>The Doctrines of Waiver, Estoppel, Laches, and Consent</u>:  Plaintiffs waived or are estopped from pursuing any claim premised on the use of customer information or

sales to plaintiffs' customers by, among other things, voluntarily providing customer information knowing that the Jobber Agreement authorized Sherwin-Williams to sell products directly to plaintiffs' customers. Plaintiffs consented to any alleged contractual interference or the other alleged tortious or wrongful conduct by, among other things, agreeing to at-will termination of the Jobber Agreement and authorizing Sherwin-Williams to sell directly to plaintiffs' customers.

10. <u>The Statute of Frauds</u>: To the extent plaintiffs rely on an oral agreement which cannot be performed within a year, such agreement violates the Statute of Frauds.

11. <u>Plaintiffs' Repudiation of their Contractual Obligations</u>: Plaintiffs' refusal to pay Sherwin-Williams for products and their other expressions of intended non-performance repudiate their contractual obligations and excuse any alleged non-performance by Sherwin-Williams.

12. <u>Lack of Assent</u>: To the extent plaintiffs interpret alleged agreements with their customers or other agreements as nullifying or modifying Sherwin-Williams' rights under the Jobber Agreement, including its rights to terminate the agreement without cause and to sell to customers directly, there is no meeting of the minds with respect to those agreements or terms.

13. <u>Assent to a Discharge of Obligations</u>: Plaintiffs have assented to a discharge of Sherwin-Williams' obligations under the Jobber Agreement or any other agreement.

14. <u>The Unconstitutionality of the Assessment of Punitive Damages</u>: Excessive punitive damages that are disproportionate to the compensatory damages awarded and are imposed without adequate notice to the defendant unconstitutionally deprive the defendant of property without due process of law.

**O.    Whether The Parties Have Complied With The Disclosure Requirement Of Fed. R. Civ. P. 26(a)(1) And, If Not, The Date On Which Such Disclosures Will Be Completed**

The parties have not completed the exchange of information called for in Rule 26(a)(1). They anticipate completing that exchange on or before January 15, 2003.

**P.    The Date By Which The Parties Anticipate All Discovery (Including Expert Discovery) Will Be Completed**

The parties anticipate that fact and expert discovery will be completed by November 28, 2003.

Q.  **Whether All Necessary Parties Have Been Properly Joined, And If Not, The Name Of Any Such Party And Each Party's Respective Position Of Why Such Party Is Or Is Not Necessary To The Action**

The parties are unaware of the non-joinder of any necessary parties.

R.  **Whether Settlement Negotiations Have Taken Place And Each Party's Respective Position On Settlement**

Counsel for the parties initiated settlement discussions at the time of the filing of the complaint. Those discussions did not lead to an early agreed resolution.

S.  **A List Of All Counsel Who Will Be Attending The Scheduling Conference, Identifying The Party Whom Each Attorney Represents**

John G. Bravacos will attend the conference for plaintiffs. James M. Jones will attend the conference for defendant.

Respectfully submitted,

| | |
|---|---|
| John G. Bravacos (No. 53055) | James M. Jones (No. 81295) |
| PALMA SEGAL & SBARBARO, LLC | Curt Vazquez (No. 54897) |
| The Historic Samuel Barber House | JONES, DAY, REAVIS & POGUE |
| 107 South Church Street | One Mellon Bank Center |
| West Chester, PA 19382-3252 | 500 Grant Street, 31st Floor |
| (610) 431-7300 | Pittsburgh, PA 15219 |
| | (412) 391-3939 |
| Attorney for Plaintiffs | |
| J.C.D., Inc. and Terrel's Pro Finishes, Inc. | John J. O'Donnell (No. 46462) |
| | Joshua A. Gelman (No. 85438) |
| | LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY |
| | 10th Fl., 510 Walnut Street |
| | Philadelphia, PA 19106 |
| | (215) 627-0303 |
| | |
| | Attorneys for Defendant |
| | Sherwin-Williams Automotive Finishes Corp. |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.C.D., INC. t/a J.L. TERREL'S, ) | |
| ) | |
| and ) | |
| ) | |
| TERREL'S PRO FINISHES, INC. ) | Civil Action No. 02-CV-2645 |
| ) | |
| Plaintiffs ) | Judge Surrick |
| ) | |
| v. ) | |
| ) | |
| SHERWIN-WILLIAMS AUTOMOTIVE ) | |
| FINISHES CORP., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Joint Case Report was served this fifteenth day of November, 2002, via First Class U.S. Mail, upon counsel of record for plaintiffs, as follows:

John G. Bravacos, Esquire
PALMA, SEGAL & SBARBARO, LLC
The Historic Samuel Barber House
107 South Church Street
West Chester, PA  19382-3252

**LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY**

By: _____
JOHN J. O'DONNELL, ESQUIRE
JOSHUA A. GELMAN, ESQUIRE
*Attorneys for Defendant,*
*Sherwin-Williams Automotive Finishes Corp.*

Dated: November 15, 2002