notice of SW's intent to terminate as provided for herein.

4. In the event of termination of this Agreement by: (i) Jobber for any reason; (ii) SW because of a breach of this Agreement by Jobber; or (iii) SW because of a Change in the Control of Jobber, SW shall have the right, but not the obligation, to repurchase Jobber's inventory of unopened and salable packages or cans of Products. Products repurchased by SW will be charged a 10% handling charge by SW. Jobber will pay freight charges on Products returned in accordance with this paragraph (d). SW shall issue a credit to the account of Jobber for all Products repurchased by SW. If said credit creates a net balance due to Jobber, SW shall issue a refund check to Jobber within thirty (30) days of receipt by SW of the repurchased Products.

5. In the event of termination of this Agreement by SW for any reason other than those stated in subsection (ii) or (iii) of paragraph (d) above, Jobber may return for a credit all unopened and salable packages or cans of Products except those Products which are deemed to be unsalable by SW in its sole discretion based upon the return policy of SW which is in effect at that time. SW will pay freight charges on Products returned in accordance with this paragraph (e) and will not charge Jobber a handling charge. SW shall issue a credit to the account of Jobber for all Products repurchased by SW. If said credit creates a net balance due to Jobber, SW shall issue a refund check to Jobber within thirty (30) days of receipt by SW of the repurchased Products.

6. MISCELLANEOUS

   1. Jobber shall not assign or transfer this Agreement, nor any rights or duties related hereto, by operation of law or otherwise, without the prior written consent of SW, which consent may be withheld in SW's sole discretion.
   2. **SW MAKES NO WARRANTIES OF ANY KIND RELATING TO THE PRODUCTS AND/OR THE PERFORMANCE THEREOF. SW DISCLAIMS ALL WARRANTIES OF ANY KIND, ORAL OR WRITTEN, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE. SW SHALL IN NO EVENT BE LIABLE TO JOBBER OR TO ANY PERSON CLAIMING THROUGH JOBBER, WHETHER IN CONTRACT, TORT, STRICT PRODUCT LIABILITY OR OTHERWISE, FOR INDIRECT, SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, LOSS OF PROFITS, DEMURRAGE, OR PENALTIES, ARISING FROM ANY CAUSE WHATSOEVER.**
   3. Jobber acknowledges and agrees that Jobber is an independent contractor and is not an employee or agent of SW for any purpose. Nothing in this Agreement shall create an agency, employment, franchise, partnership or joint venture relationship between SW and Jobber. Jobber acknowledges and agrees that Jobber has no power or authority to incur any obligation, enter into any contract, incur any debt or release or waive any right on behalf of SW. Jobber further agrees that Jobber will not act in any manner that could reasonably cause a third party to believe that Jobber is an agent, employee, franchisee, partner or is otherwise affiliated in any manner with SW other than as an authorized jobber of Products.
   4. All notices or demands which are required pursuant to the terms of this Agreement shall be in writing and shall be personally delivered or may be sent by regular or certified mail, or by overnight delivery, to the addresses which are set forth on page 1 of this Agreement.
   5. This Agreement shall be deemed to have been entered into in the State of Ohio and all questions concerning the validity, interpretation or performance of any of its terms or provisions, or of any rights or obligations of the parties hereto, shall be governed by and resolved in accordance with the laws of the State of Ohio without giving effect to the conflict of laws principles.
   6. This Agreement may not be modified, changed or supplemented except by a written instrument which is signed by an authorized representative of Jobber and SW, which instrument shall state that it is a modification of this Agreement.
   7. The failure by either party, at any time, to require performance of any provision of this Agreement shall not be construed as a waiver of such provision or as a waiver of a default of such provision on a future occasion.
   8. This Agreement shall be effective only after it has been signed by an authorized representative of SW.
   9. This Agreement embodies the entire understanding and agreement between the parties relative to the subject matter hereof and supersedes any jobber agreements which may have been previously entered into by Jobber and SW and/or SW's parent, subsidiaries or other affiliates. The terms and conditions of any purchase order, shipping document and/or other document submitted by Jobber shall be of no binding effect. All orders for Products which are submitted by Jobber to SW pursuant to this Agreement shall be governed by the terms of this Agreement.

| SHERWIN-WILLIAMS AUTOMOTIVE FINISHES CORP. | JOBBER |
|---|---|
| BY_____ | BY_____ |
| TITLE_____ | TITLE_____ |
| DATE_____ | DATE_____ |

(7/01)